**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MARQUIS ADAMS,

                       Plaintiff,

         v.

JOE WOLCZYL, C.H.O.; JOHN BURGE,
Superintendent, Auburn Correctional Facility;
MARK BRADT, Deputy Superintendent,
Auburn Correctional Facility; JOHN R.
ROURKE, Captain, Auburn Correctional
Facility; BRIAN CHUTTEY, Sergeant,
Auburn Correctional Facility; KEVIN WALSH,
C.O.; and JOHN DOE, Watch Commander Lt.,

                       Defendants.

No. 04-CV-530
(DNH/DRH)

---

**APPEARANCES:**

MARQUIS ADAMS
Plaintiff Pro Se
No. 98-B-2202
Southport Correctional Facility
Post Office Box 2000
Pine City, New York 14871

HON. ELIOT SPITZER
New York State Attorney General
Attorney for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

**OF COUNSEL:**

MARIA MORAN, ESQ.
Assistant Attorney General

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

REPORT-RECOMMENDATION AND ORDER[1]

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Plaintiff pro se Marquis Adams ("Adams"), formerly an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, seven DOCS employees, violated his constitutional rights under the Eighth Amendment.  Compl. (Docket No. 1).  Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b).  Docket No. 27.  Adams has not responded to the motion.  For the following reasons, it is recommended that defendants' motion to dismiss be granted and the complaint dismissed.

## I.  Background

Adams commenced this action on May 6, 2004 alleging that defendants denied him proper medical treatment and failed to protect him from attacks by other inmates.  On September 20, 2004, defendants filed an answer.  Docket No. 21.  On June 10, 2005, defendants sent a Notice of Deposition to Adams at the last address provided by Adams.  Docket No. 27, Ex. B.  The letter was returned as undeliverable.  Docket No. 27, Ex. C.  The Court had previously warned Adams that "[p]laintiff is...required to promptly notify the Clerk's Office and all parties or their counsel of any change in the plaintiff's address; his failure to do this will result in the dismissal of this action."  Docket No. 5.

The last communication received by the Court from Adams was a motion dated January 24, 2005 which was rejected because the relief sought could not be determined.  Docket No. 24; see also Docket No. 22 (rejecting a letter from Adams dated Oct. 11, 2004 for failure to show proof of service).  It appears that Adams was still incarcerated at Southport Correctional Facility ("Southport") at that time as the envelope containing the

rejected motion was not returned to the Court as undeliverable.  It further appears that

Adams was released from incarceration on or about April 1, 2005.  See New York State

DOCS Inmate Information - Location/Status/Legal Dates/etc.,

<http://nysdocslookup.docs.state.ny.us/ GCA00P00/WIQ1/WINQ000> (visited Jan. 19,

2006).  Adams has provided no new address.


## II.  Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss

an action based upon the failure of a plaintiff to prosecute an action, comply with an order

of the court, or notify the court of a change of address.  See Link v. Wabash R.R. Co., 370

U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y.1998); see

also N.D.N.Y.L.R. 41.2 (b).  Local Rule 10.1(b)(2) provides that all pro se litigants must

notify the Court of any change of address.  See Moshier v. Trabout, No. 96-CV-1666, 1998

WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998).

The last address for Adams was contained in his complaint filed May 6, 2004.

Docket No. 1.  On April 1, 2005, Adams was released from Southport Correctional Facility

("Southport").  See Docket No. 37, Ex. A.  On May 10, 2005, this Court granted defendants'

request to stay discovery deadlines because Adams had failed to apprise either the Court

or defendants of his current address.  Docket No. 26.  On June 10, 2005, defendants sent

Adams a Notice of Deposition to his Southport address.  Docket No. 27, Ex. B.  The

accompanying letter warned Adams "that your failure to promptly notify the Clerk's Office

and all parties or their counsel of [a] change in your address would result in the dismissal of

this action."  Id.  On June 30, 2005, the letter was returned as undeliverable with "RTS,

released" written on the envelope.  Docket No. 27, Ex. C.  Thus, it appears that Adams has

failed to comply with the local rules.

Therefore, it is recommended that this action be dismissed pursuant to Local Rule

41.2(b).

### III.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the complaint be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the

foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO**

**OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health and

Human Servs. 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a),

6(e).

Dated: January 19, 2006
       Albany, New York

_David R. Homer_____

United States Magistrate Judge